## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| MARIA ALICEA,<br>*Plaintiff,*<br><br>v.<br><br>KARI A. DOOLEY,<br>*Defendant.* | No. 3:23-cv-1531 (VAB) |

## RULING AND ORDER ON PENDING MOTIONS

Maria Alicea ("Plaintiff"), proceeding *pro se*, has sued United States District Judge Kari A. Dooley ("Judge Dooley") for her handling of several cases brought by Ms. Alicea regarding the alleged use of excessive force by the Bridgeport Police Department ("BPD"). Not. of Removal at 7, ECF No. 1 (Nov. 21, 2023) ("Not."). More specifically, Ms. Alicea seeks money damages for mental and emotional distress stemming from Judge Dooley's alleged conspiracy to impede Ms. Alicea's claims, as well as her alleged bias, discrimination, and violation of Ms. Alicea's constitutional rights. *Id.* at 6–7.

Judge Dooley has moved to dismiss the case in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss at 1, ECF No. 11 (Dec. 21, 2023) ("Mot."); Mem. in Support of Mot. to Dismiss at 1, ECF No. 11-1 (Dec. 21, 2023) ("Mem.").

Ms. Alicea has moved to remand the case to the Superior Court. *See* Mot. to Remand, ECF No. 13 (Dec. 26, 2023) ("First Mot. to Remand"); Mot. to Remand, ECF No. 14 (Jan. 9, 2024) ("Second Mot. to Remand").

The Court addresses all pending motions herein.

For the following reasons, the Plaintiff's motions to remand are **DENIED**. Judge

Dooley's motion to substitute party and motion to dismiss are **GRANTED**.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Allegations

Ms. Alicea allegedly brought several cases in the District of Connecticut arising out of an incident with the BPD, which were assigned to Judge Dooley. Not. at 6–7; Mem. at 1 n.2; Second Mot. to Remand at 1–2.

While presiding over those matters, Judge Dooley allegedly displayed prejudice, bias, and racism toward Ms. Alicea. Not. at 7.

Judge Dooley allegedly "overstepped her position as a judge" by playing the role of attorney for Defendants. *Id.*

Judge Dooley allegedly conspired and impeded Ms. Alicea's matters from being heard in court, resulting in constitutional injury to Ms. Alicea. *Id.* at 6.

Altogether, Judge Dooley's conduct allegedly caused Ms. Alicea to suffer anxiety, bewilderment, and emotional and mental injuries. *Id.*

### B.  Procedural History

On November 21, 2023, Judge Dooley removed this case from the Connecticut Superior Court to this Court under the Westfall Act, 28 U.S.C. § 2679(d)(2). Not.

On November 21, 2023, Judge Dooley also moved to substitute the United States of America as the properly named Defendant in this action under the Westfall Act, 28 U.S.C. § 2679(d)(2). Mot. to Substitute Party, ECF No. 2 (Nov. 21, 2023) ("Mot. to Substitute"); Mem. of L. in Support of Mot. to Substitute Party, ECF No. 2-1 (Nov. 21, 2023) ("Mem. in Support of Mot. to Substitute").

On November 27, 2023, Ms. Alicea objected to the removal. Obj. to Transfer, ECF No.

10 (Nov. 27, 2023) ("Obj.").

On December 21, 2023, Judge Dooley filed a motion to dismiss the case in its entirety for failure to state a claim. Mot.

On December 26, 2023, Ms. Alicea filed a motion to remand the case to the Connecticut Superior Court. First Mot. to Remand.

On January 9, 2024, Ms. Alicea filed a second motion to remand the case to the Connecticut Superior Court. Second Mot. to Remand.

On January 12, 2024, Judge Dooley filed a memorandum in opposition to Ms. Alicea's motions to remand. Mem. in Opp'n to Mot. to Remand, ECF No. 16 (Jan. 12, 2024) ("Opp'n to Remand").

On March 1, 2024, Ms. Alicea filed a motion for a status hearing, which reiterated her request for remand and additionally sought injunctive relief. Mot. for Status Hearing, ECF No. 17 (Mar. 1, 2024) ("Mot. for Hrg.").

On March 28, 2024, Ms. Alicea filed a motion for injunctive relief. Mot. for Injunctive Relief, ECF No. 20 (Mar. 28, 2024). On the same date, Ms. Alicea also filed a motion to participate in electronic filing. Mot. by Self-Represented Litigant to Participate in Electronic Filing, ECF No. 28 (Mar. 28, 2024).

On April 2, 2024, Ms. Alicea filed a motion to consolidate this case with another of her cases, *Alicea v. Ganim*, No. 3:23-cv-1018. Mot. to Consolidate Cases, ECF No. 24 (Apr. 2, 2024). On the same date, Ms. Alicea also filed a motion to disqualify this Court from hearing her cases. Mot. to Disqualify Judge, ECF No. 25 (Apr. 2, 2024). Finally, Ms. Alicea renewed her motion to participate in electronic filing. Mot. by Self-Represented Litigant to Participate in

Electronic Filing, ECF No. 26 (Apr. 2, 2024).

On April 15, 2024, the Court denied Ms. Alicea's motion to disqualify this Court. Order, ECF No. 28 (Apr. 15, 2024).

On April 15, 2024, the Court also held a hearing on all outstanding motions in this case. Min. Entry, ECF No. 29 (Apr. 15, 2024).

## II.   STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views

the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of New York.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

### III.    DISCUSSION

As described above, Ms. Alicea seeks damages for Judge Dooley's handling of several prior cases involving alleged police misconduct. Not. at 6–7.

The Court addresses the various issues raised by the parties in turn.

First, the Court addresses the question of jurisdiction and Ms. Alicea's motions to remand the case to state court. Second, the Court addresses the question of the proper defendant in this action. Third and finally, the Court addresses the issue of judicial immunity and whether Ms. Alicea has stated a claim upon which relief may be granted.

Before engaging in this analysis, however, the Court will address a threshold legal consideration raised by Ms. Alicea during the motions hearing on April 15, 2024. *See* Min.

Entry, ECF No. 29 (Apr. 15, 2024). Ms. Alicea stated several times that this matter should be heard by a jury, and that any other form of resolution would violate her right to trial by jury.

But the right to a jury trial, even where explicitly provided by statute, is not absolute. Rather, such a right is contingent on a litigant satisfying certain prerequisites. First, in order to bring a suit in federal court, a litigant must demonstrate standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) ("The doctrine [of standing] limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong."). Standing requires that: (1) that there exists a real case or controversy, and (2) the litigant is the right plaintiff to bring such case. *See id.* ("[T]he 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." (internal citation omitted) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992))). It is "settled" that the legislature "cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Id.* at 339 (quoting *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997)); *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979) ("In no event . . . may Congress abrogate the Art. III minima[.]").

Second, even where a litigant demonstrates standing, the right to a jury trial is contingent on the existence of some contested factual issue for a jury to decide. *In re Big Apple Volkswagen, LLC*, No. 11-11388 (JLG), 2016 WL 1069303, at *8 (Bankr. S.D.N.Y. Mar. 17, 2016) ("The right to a jury trial is implicated only if the party survives a dispositive motion, such as a summary judgment motion." (quoting *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 1:20-CV-04767-MKV, 2023 WL 6122905, at *6 (S.D.N.Y. Sept. 18, 2023))). And, where a

plaintiff's claims have been addressed and ruled against on legal grounds in the context of a dispositive motion, the litigant cannot argue that they have been denied their day in court. *Cf. Benjamin v. Traffic Executive Ass'n E.R.R.*, 869 F.2d 107, 115 n.11 (2d Cir. 1989) ("Nor can we agree with an implication in plaintiffs' argument, namely, that they have not had their day in court on Counts II through IV. Plaintiffs' claims under those counts were ruled against . . . by the district court pursuant to a motion for summary judgment. Plaintiffs cannot attack summary judgment decisions as inimicable to the seventh amendment. . . . [W]here no issue of fact remains, summary judgment decides only questions of law and does not deprive the losing party of its jury trial right.").

As a result, if there are no contested factual issues that could change the outcome of this case, the Court must dismiss Ms. Alicea's Complaint, and in doing so, would not be abrogating Ms. Alicea's right to a trial by jury. *See In re Big Apple Volkswagen, LLC*, 2016 WL 1069303, at *8 ("The right to a jury trial is implicated only if the party survives a dispositive motion[.]").

### A. Remand

As described above, Judge Dooley removed this action from the Connecticut Superior Court, where Ms. Alicea filed her Complaint, to federal court under 28 U.S.C. § 2679(d)(2). Not.

Ms. Alicea has repeatedly objected to this removal and continues to seek a remand back to state court. *See, e.g.*, First Mot. for Removal; Second Mot. for Removal; Mot. for Hrg. Ms. Alicea argues that the removal of the case to federal court amounts to a violation of due process and accuses Judge Dooley and the United States Attorney of "attempting to cut Plaintiff and the court process short" and "committing contempt[.]" First Mot. to Remand at 1; Second Mot. to

Remand at 3.

The Court disagrees.

The Westfall Act "accords federal employees absolute immunity from tort claims arising out of acts undertaken in the course of their official duties, 28 U.S.C. § 2679(b)(1), and empowers the Attorney General to certify that a federal employee sued for wrongful or negligent conduct was acting within the scope of his office or employment at the time of the incident out of which the claim arose, § 2679(d)(1), (2)." *Osborn v. Haley*, 549 U.S. 225, 225 (2007) (internal quotation marks omitted).

More specifically, 28 U.S.C. § 2679(d)(2) states:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

The U.S. Supreme Court has held that the final provision of § 2679(d)(2) renders the Attorney General's certification conclusive for the purposes of removal, in order to "foreclose needless shuttling of a case from one court to another[.]" *Osborn*, 549 U.S. at 227 (quoting *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 433 n.10 (1995)). The certification further "renders the federal court exclusively competent and categorically precludes a remand to the state court." *Id.* at 243. In other words, § 2679(d)(2) ensures that "once a state tort action has been removed to a federal court after a certification by the Attorney General, it may never be remanded to the state

system." *Gutierrez de Martinez*, 515 U.S. at 440 n.10 (Souter, J., dissenting).

Here, because the Attorney General has certified that Judge Dooley "was acting within the scope of her employment as a United States District Judge for the District of Connecticut at the time of the incident(s) out of which the plaintiff asserts that her claims arise[,]" *see* Certification of Scope of Employment Pursuant to 28 U.S.C. § 2679, Ex. B. to Not., removal was appropriate under § 2679(d)(2).

Ms. Alicea has not challenged the Attorney General's certification or otherwise claimed that Judge Dooley's challenged actions fell outside of the scope of her employment. Even if she did, however, this Court would be unable to remand this case to state court, as Ms. Alicea requests. *Osborn*, 549 U.S. at 243 ("Congress has barred a district court from passing the case back to the state court where it originated based on the court's disagreement with the Attorney General's scope-of-employment determination."); *Amador v. City of New York*, No. 20-cv-956, 2020 WL 7248458, at *2 (S.D.N.Y. Dec. 9, 2020) ("[T]he AG's certification is subject to *de novo* judicial review, and the district court may strike such certification to the extent it finds that the defendant employee was not in fact acting within the scope of her employment. This judicial review, however, does not bear on whether the case should remain in federal court; it goes only to whether the United States should be substituted as a party for the individual defendant." (internal quotation marks omitted) (citing *Bowles v. U.S.*, 685 F. App'x 21, 23 (2d Cir. 2017) and *Gutierrez de Martinez*, 515 U.S. at 432)).

Accordingly, Ms. Alicea's motions for remand will be denied.

### B.  Substitution of Party

Judge Dooley has also moved under 28 U.S.C. § 2679(d)(2) to substitute the United States as the properly named Defendant in this case. Mot. to Substitute. Ms. Alicea has not

submitted any filings directly responsive to the motion to substitute. In one subsequent motion, however, Ms. Alicea wrote that "Judge Kari A Dooley requested United States to step in for her IED appearance[,]" which, she argued, demonstrated "a wreckless contempt of court" and amounted to "ask[ing] the United States to accept being racist, discriminative and causing plaintiff stress, anxiety, worthlessness, depression, sadness, mental anguish and pain purposely and intently." First Mot. to Remand at 1. The Court therefore presumes that Ms. Alicea opposes the motion for substitution.

The Court finds that substitution, like removal, is appropriate.

Similar to removal, where the Attorney General has made the necessary certification, substitution is not discretionary. *Osborn*, 549 U.S. at 230 (Under § 2679, "[u]pon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee."); *De Masi v. Schumer*, 608 F. Supp. 2d 516, 521 (S.D.N.Y. 2009) ("[T]he FTCA requires that the United States be substituted as defendant where the United States Attorney has made the requisite certification."); *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005) ("Upon certification, the action may then be removed to federal court. Once such a case is removed, the United States can replace the named defendant as the allegedly liable party—and the case proceeds as a FTCA suit." (internal citation omitted)). Because the Attorney General has made such a certification here, and there is nothing to suggest that the certification is deficient, the United States must be substituted for Judge Dooley as the defendant in this case.

Accordingly, the Court will grant Judge Dooley's motion to substitute party.

### C.  Judicial Immunity

"Judges have absolute immunity from suits for damages arising out of judicial acts

performed in their judicial capacities." *Balkanli v. Brodie*, No. 18-CV-4178(AMD)(LB), 2018 WL 3862689, at *1 (E.D.N.Y. Aug. 14, 2018); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) ("[G]enerally, a judge is immune from a suit for money damages."). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles*, 502 U.S. at 10 (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1872)). This judicial immunity shields judges "from suit, not just from ultimate assessment of damages." *Id.* at 11.

"The absolute judicial immunity of the court and its members 'is not overcome by allegations of bad faith or malice,' nor can a judge 'be deprived of immunity because the action [she] took was in error . . . or was in excess of [her] authority.'" *Balkanli*, 2018 WL 3862689, at *1 (internal citations omitted) (quoting *Mireles*, 502 U.S. at 11, 13). Even, "an allegation that an act was done pursuant to a conspiracy has no greater effect than an allegation that it was done in bad faith or with malice, neither of which defeats a claim of absolute immunity." *Dorman v. Higgins*, 821 F.2d 133, 139 (2d Cir. 1987).

There exist only two exceptions to absolute judicial immunity: (1) "when the suit stems from actions not taken in the judge's judicial capacity," and (2) "when the suit stems from judicial actions taken in the complete absence of jurisdiction." *Schiff v. Dorsey*, 877 F. Supp. 73, 75 (D. Conn. 1994).

Judge Dooley has moved to dismiss Ms. Alicea's Complaint because it "seeks to challenge conduct undertaken entirely within Judge Dooley's function as a federal judge," noting that "Judge Dooley's judicial decisions are absolutely immune from challenge through private

civil suit." Mem. at 1.

The Court agrees.

Ms. Alicea has alleged nothing to suggest that she contests actions taken by Judge Dooley outside of her judicial capacity. In fact, she specifically cites the cases over which Judge Dooley presided as the impetus for this case. Ms. Alicea has also not alleged that Judge Dooley issued her rulings in the prior cases without jurisdiction. Ms. Alicea's claims against Judge Dooley are therefore barred by the doctrine of absolute judicial immunity.

Accordingly, Ms. Alicea has failed to state a claim upon which relief can be granted, and this case will be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## IV.    CONCLUSION

For the foregoing reasons, the Plaintiff's motions to remand are **DENIED**. Judge Dooley's motion to substitute party and motion to dismiss are **GRANTED**.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at New Haven, Connecticut, this 20th day of April, 2024.

_____*/s/ Victor A. Bolden*_____
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE